UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CARLINE VILBON | : |
| | : |
| v. | :     C.A. No. 21-00460-WES |
| | : |
| PAWTUCKET SCHOOL DEPARTMENT | : |
| | : |

**REPORT AND RECOMMENDATION
FOR SUMMARY DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)**

Lincoln D. Almond, United States Magistrate Judge

**Background**

On November 19, 2021, Plaintiff filed a pro se Complaint accompanied by an Application to Proceed Without Prepayment of Fees including the $402.00 per case filing fee. (ECF Nos. 1, 2). On December 14, 2021, Plaintiff filed an Amended Complaint. (ECF No. 4). Plaintiff's Application (ECF No. 2) filed pursuant to 28 U.S.C. § 1915 has been referred to me for determination. 28 U.S.C. § 636; LR Cv 72. Based on my review of the in forma pauperis ("IFP") Application, I conclude that Plaintiff has satisfied the requirements of 28 U.S.C. § 1915(a)(1); accordingly, her IFP Application is GRANTED. However, because of the IFP Application, this case is subject to preliminary screening under 28 U.S.C. § 1915(e)(2)(B). Accordingly, I am required to review the Amended Complaint sua sponte and to dismiss if it is "frivolous or malicious," "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." For the reasons discussed below, I recommend that Plaintiff's Amended Complaint be DISMISSED because it is "frivolous," and "fails to state a claim on which relief may be granted." See 28 U.S.C. § 1915(e)(2)(B).

**Facts**

The factual allegations in Plaintiff's Complaint and Amended Complaint are identical; the primary change is that the Amended Complaint includes a new request for both injunctive relief and $500,000.00 in damages.  (ECF No. 4 at pp. 4-5, 9).  The Amended Complaint is captioned "Appeal of the Rhode Island Department of Education Decision Pursuant to 43 CFR § 105.20."  Id. at p. 1. In brief, she claims the Pawtucket School Department "discriminated and retaliated" against her minor son, A.V., "which also caused" her to lose her "right to make educational decisions for son." Id. at p. 5.  She notes that she "informed RIDE that [she] was seeking reversal of the Family Court's decision…which the PSD contributed to deprive me of my right to make educational decisions for my son.…"  Id. at p. 7.  In the Conclusion section of her Amended Complaint, Plaintiff notes that she seeks "further review" of the RIDE Decisions, "reversal" of the PSD educational evaluation, an order that PSD provide certain educational services to A.V. and certain other relief.

The RIDE Decision at issue is dated July 23, 2021 and attached to her Complaint.  The Decision states that RIDE "lacks subject matter jurisdiction" over the issues raised by Ms. Vilbon because the Rhode Island Family Court has "exclusive authority to establish a guardianship" and the issues raised were resolved by a Family Court decree, Petition No. PJ20-002943.  The Decision also notes that Ms. Vilbon's appeal of the Family Court decree was pending at the time of the RIDE Decision.  Finally, the Decision contains a "Notice of Appellate Rights" Section that states that "[t]his Order may be appealed to the Superior Court sitting in and for the County of Providence within thirty (30) days of the mailing date of this decision.…"  (ECF No. 1-4 at p. 5).

**Standard of Review**

Section 1915 of Title 28 requires a federal court to dismiss an action brought thereunder if the court determines that the action is frivolous, fails to state a claim or seeks damages from a defendant

with immunity.  28 U.S.C. § 1915(e)(2)(B).  The standard for dismissal of an action filed in forma pauperis is identical to the standard for dismissal on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6).  See Fridman v. City of N.Y., 195 F. Supp. 2d 534, 538 (S.D.N.Y. 2002).  In other words, the court "should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts."  Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996).  Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous."  28 U.S.C. § 1915(e)(2)(B)(i).  A claim "is frivolous where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).

**Discussion**

This Court is recommending that Plaintiff's Amended Complaint be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).  In making this recommendation, this Court has taken all of the allegations in Plaintiff's Complaint as true and has drawn all reasonable inferences in her favor.  Estelle v. Gamble, 429 U.S. 97 (1976).  In addition, this Court has liberally reviewed Plaintiff's allegations and legal claims since they have been put forth by a pro se litigant.  See Haines v. Kerner, 404 U.S. 519, 520-521 (1972).  However, even applying these liberal standards of review to Plaintiff's Complaint, dismissal is required because even when afforded a liberal construction, the Amended Complaint fails to state a claim and is frivolous.

Although it is captioned as an "Appeal" of a RIDE decision, Plaintiff is effectively asking this Court to conduct an independent review of the legal proceedings that took place in Rhode Island's Family Court.  She is seeking to challenge the Pawtucket School Department and Family Court's findings that resulted in A.V. being subject to an independent educational evaluation and placed in a psychiatric school.  (ECF No. 4 at p. 4).

The Court, however, must abstain from hearing such challenges. Under the Rooker-Feldman doctrine, this Court is unable to review these claims. The Rooker-Feldman doctrine limits federal court jurisdiction over cases, such as this one, "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). Although Plaintiff captions her Complaint and Amended Complaint as an Appeal of the RIDE Decision, the aim of her claims in this Court is to overturn the decisions made by the Family Court. RIDE recognized that it lacked subject matter jurisdiction for this very same reason. Moreover, if Plaintiff was seeking to "Appeal" the RIDE decision, her appellate rights are clearly contained within the RIDE Decision and required her to file her appeal in Rhode Island Superior Court within thirty days of the date of the RIDE decision. This Court does not offer any opinion on Plaintiff's present right to appeal or seek further relief in the State Court system.

Having thoroughly reviewed Plaintiff's Complaint (including Exhibits) and relevant case law, this Court recommends, for the reasons discussed above, that Plaintiff's Amended Complaint (ECF No. 4) be DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B).

**Conclusion**

For the reasons stated, Plaintiff's Application to Proceed Without Prepayment of Fees (ECF No. 2) is GRANTED. Further, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii), I recommend that Plaintiff's Amended Complaint (ECF No. 4) be DISMISSED.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the

District Court and the right to appeal the District Court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


   /s/   Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
December 22, 2021